DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-19-FDW

| | |
|---|---|
| RONALD MCCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| FNU MILLER, ) | |
| *Nurse*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's pro se Complaint, filed pursuant to 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. § 1915(e).

**I.   BACKGROUND**

Pro se Plaintiff Ronald McClary is a state court inmate, currently incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina. On January 13, 2015, Plaintiff filed the instant action in this Court pursuant to 42 U.S.C. § 1983. Plaintiff has named as the sole Defendant FNU Miller, identified as a nurse at Lanesboro. Plaintiff brings a claim against Defendant for deliberate indifference to a serious medical need under the Eighth Amendment. Plaintiff alleges that he is being denied medical treatment for an enlarged prostate. (Doc. No. 1 at 4). Plaintiff states that he seeks injunctive relief and an order from the Court requiring Lanesboro to pay a fine. (Id.).

**II.   STANDARD OF REVIEW**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA

provides, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" Id. at 90 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). In Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (citing Porter, 534 U.S. at 524).

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Correctional Health Servs., 407 F.3d 674 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. "The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies." Green v. Rubenstein, 644 F. Supp. 2d 723, 742 (S.D. W. Va. 2009). The Fourth Circuit stated in Anderson, 407 F.3d at 683, as follows:

2

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense
> to be pleaded and proven by the defendant. That exhaustion is an affirmative
> defense, however, does not preclude the district court from dismissing a
> complaint where the failure to exhaust is apparent from the face of the complaint,
> nor does it preclude the district court from inquiring on its own motion into
> whether the inmate exhausted all administrative remedies.

### III. DISCUSSION

Here, by Plaintiff's own assertions in his administrative remedies statement, Plaintiff did not exhaust his administrative remedies before bringing this lawsuit. See (Doc. No. 7 at 3). Thus, this action must be dismissed for failure to exhaust administrative remedies.

### IV. CONCLUSION

Plaintiff's Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.

Finally, the Court observes that Plaintiff has recently filed three, additional 42 U.S.C. § 1983 actions in this Court, and two of those other actions have also been dismissed for failure to exhaust administrative remedies. See McClary v. Aaron, 3:15-cv-20-FDW (filed January 13, 2015, dismissed for failure to exhaust on January 15, 2015); McClary v. Mitchell, 3:15-cv-47-FDW (filed January 27, 2015, dismissed for failure to exhaust on January 28, 2015). Plaintiff is on full notice by this point regarding the requirement that he exhaust his administrative remedies before bringing a civil rights action in this Court pursuant to 42 U.S.C. § 1983. If Plaintiff continues to file actions in this Court in which he has not exhausted his administrative remedies, the Court will consider imposing sanctions against Plaintiff, which could include a prefiling injunction. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004) ("[T]he All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants . . . ."); Armstrong v. Koury Corp., 16 F. Supp. 2d

3

616, 620 (M.D.N.C. 1998) ("Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers.").

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's action is **DISMISSED** without prejudice for failure to exhaust administrative remedies. The Clerk of Court is directed to close this case.

Signed: January 29, 2015

Frank D. Whitney
Chief United States District Judge

4